13-2095-cv(L)
Commonwealth of Pa. Public School Emps.' Retirement System v. Morgan Stanley & Co., Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2015

(Argued: June 20, 2014                    Decided: February 23, 2016)

Docket Nos. 13-2095-cv(L), 13-2283-cv(XAP), 13-2286-cv(XAP),
13-2287-cv(XAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMMONWEALTH OF PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT
SYSTEM, together and on behalf of all others similarly situated,
COMMERZBANK AG, together and on behalf of all others similarly
situated,

        Plaintiffs-Appellants-Cross-Appellees,

ABU DHABI COMMERCIAL BANK, individually and on behalf of all
others similarly situated, KING COUNTY, WASHINGTON, together and
on behalf of all others similarly situated, SEI INVESTMENTS
COMPANY, together and on behalf of all others similarly situated,
THE BANK OF N.T. BUTTERFIELD & SON LIMITED, SFT COLLECTIVE
INVESTMENT FUND, DEUTSCHE POSTBANK AG, GLOBAL INVESTMENT SERVICES
LIMITED, GULF INTERNATIONAL BANK B.S.C., NATIONAL AGRICULTURAL
COOPERATIVE FEDERATION, together and on behalf of all others
similarly situated, STATE BOARD OF ADMINISTRATION OF FLORIDA,
together and on behalf of all others similarly situated, BANK
SINOPAC, together and on behalf of all others similarly situated,
BANK HAPOALIM B.M., together and on behalf of all others similarly
situated, KBL EUROPEAN PRIVATE BANKERS S.A.,

        Plaintiffs,

            v.

MORGAN STANLEY & CO., INCORPORATED, MORGAN STANLEY & CO.
INTERNATIONAL LIMITED, MOODY'S INVESTOR SERVICE, INC., MOODY'S
INVESTOR SERVICE, LTD., THE MCGRAW-HILL COMPANIES, INC., STANDARD
& POOR'S RATING SERVICES,

        Defendants-Appellees-Cross-Appellants,


CHEYNE CAPITAL MANAGEMENT LIMITED, CHEYNE CAPITAL MANAGEMENT (UK)
LLP, CHEYNE CAPITAL INTERNATIONAL LIMITED,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, LEVAL, and LYNCH, <u>Circuit Judges</u>.

Appeal from a judgment entered in the United States District Court for the Southern District of New York (Shira A. Scheindlin, <u>Judge</u>) denying class certification, dismissing appellant Commerzbank's fraud claims for lack of standing, and dismissing appellant Commonwealth of Pennsylvania Public School Employees' Retirement System's ("PSERS") claims for lack of diversity jurisdiction. In a previous opinion, we affirmed the denial of class certification and the dismissal of PSERS's claim, and we certified questions dispositive of Commerzbank's appeal to the New York Court of Appeals.  <u>See</u> <u>Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.</u>, 772 F.3d 111, 116-25 (2d Cir.), <u>as amended</u> (Nov. 12, 2014).  We have now received an answer. On the basis of that answer, we affirm.

<div style="margin-left: 50%">

LUKE O. BROOKS (Joseph D. Daley & Daniel S. Drosman, San Diego, CA) Robbins Geller Rudman & Dowd LLP, San Francisco, CA, <u>for Plaintiffs-Appellants-Cross-Appellees</u>.

JAMES P. ROUHANDEH (Antonio J. Perez-Marques, Paul S. Mishkin, Jessica L. Turner, <u>on the joint brief</u>) Davis Polk & Wardwell LLP, New York, NY, <u>for Defendants-Appellees-Cross-Appellants</u> Morgan Stanley & Co. Inc. and Morgan Stanley & Co. Int'l Ltd.

Dean Ringel, Jason M. Hall, Roxana Labatt, Cahill Gordon & Reindel LLP, New York, NY, <u>on the joint brief</u>, <u>for</u> <u>Defendants-Appellees-Cross-Appellants</u> Standard & Poor's Ratings Services and The McGraw-Hill Companies, Inc.

</div>

Joshua M. Rubins, James J. Coster, Mario Aieta, James I. Doty, Satterlee Stephens Burke & Burke LLP, New York, NY; Mark A. Perry, Gibson, Dunn & Crutcher LLP, Washington, DC, <u>on the joint brief</u>, <u>for Defendants-Appellees-Cross-Appellants</u> Moody's Investors Service, Inc. and Moody's Investors Service, Ltd.

PER CURIAM:

Commerzbank AG ("Commerzbank") appealed from Judge Scheindlin's denial of class certification and dismissal of the claims asserted by certain investors for lack of standing, including Commerzbank. In a previous decision, familiarity with which is assumed, we affirmed the district court in part and certified to the New York Court of Appeals the question of whether a reasonable trier of fact could, on the record of this case, conclude that Commerzbank was validly assigned the right to bring a common-law fraud claim, and therefore had standing to sue various defendants. <u>See</u> <u>Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.</u>, 772 F.3d 111, 116-25 (2d Cir.), <u>as amended</u>, (Nov. 12, 2014). The New York Court of Appeals has since resolved that, under New York law, Commerzbank does not have standing to pursue its fraud claim. <u>Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.</u>, 25 N.Y.3d 543, 553 (2015).

Our prior opinion did not reach the question of whether the District Court properly denied Commerzbank's Fed. R. Civ. P.

3

17(a)(3) motion as untimely.[1] Rule 17(a)(3) permits ratification of a claim within a "reasonable time" after a standing objection is raised. That issue is now ripe for decision. We review a district court's decision whether to dismiss pursuant to Rule 17(a) for abuse of discretion. <u>Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber</u>, 407 F.3d 34, 43-44 (2d Cir. 2005). Commerzbank's Rule 17(a) motion was made on September 10, 2012, after summary judgment was entered against it and even after the filing of its motion to reconsider, whereas the issue was raised in defendants' pleadings in March 2011 and again in the motion for summary judgment. Given Commerzbank's delay in filing the motion, the district court acted well within its discretion in denying Commerzbank's ratification motion as untimely.

In light of the New York Court of Appeals decision and our affirmance of the denial of the Fed. R. Civ. P. 17(a) motion, we affirm.

---

[1] Given our disposition of this matter, we may assume, for purposes of this case, that Commerzbank's 17(a)(3) Notice of Ratification Pursuant to Fed. R. Civ. P. 17(a)(3) would have afforded the relief sought.